UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE SMITH, *on behalf of herself and all others similarly situated,*<br><br>                                    *Plaintiff,*<br><br>   v.<br><br>NEW YORK STATE SECRETARY OF STATE, Rossana Rosado, in her official capacity.<br><br>                                    *Defendant.* | **CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff Christine Smith brings the following Class Action Complaint on behalf of herself and all others similarly situated:

## NATURE OF ACTION

1. Identity theft and ensuing acts of fraud are commonplace. Identity thieves regularly attempt to and succeed in forming limited liability companies under their victim's name.

2. Yet, under New York State's system, there is no adequate process by which victims of identity theft may dissolve a limited liability company that was fraudulently formed under their name.

3. This lack of adequate process contravenes both the United States and New York State Constitutions' guarantees of due process and associational freedom.

4. Plaintiff is a New York State resident who had her identity stolen and a limited liability company fraudulently formed under her name.

5. Plaintiff has sought redress through the New York State Department of State; by filing a police report; and through the Manhattan District Attorney's Office, to no avail.

6. Plaintiff, on behalf of herself and the putative classes, seeks damages; a declaratory judgment that Defendant's policies, practices, and customs violate the First and Fourteenth Amendments of the United States Constitution and Article One Sections Six, Eight, and Nine of the New York State Constitution; and an injunction requiring Defendant to provide Plaintiff and the putative classes with a legal mechanism that affords a hearing and constitutionally adequate process by which to challenge the legality of the formation of fraudulent companies created as the result of identity, to contest the continued operation of such companies, to dissolve such companies and to disassociate themselves from such companies.

## JURISDICTION AND VENUE

7. This is a complaint for injunctive and declaratory relief based upon due process and associational freedom violations of the Fourteenth and First Amendments of the United States Constitution, and Article One Sections Six, Eight and Nine of the New York State Constitution, by the NYSDOS.

8. This Court has subject matter jurisdiction over this action per 28 U.S.C. § 1331 and 1367(a), because the federal claims stated herein arise under federal law and the state law claim stated herein forms part of the same case or controversy as the claims that are subject to the Court's original jurisdiction.

9. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions, or transactions that give rise to this action occurred, in substantial part, in this District.

## PARTIES

10. Plaintiff Christine Smith is a resident of New York State and resides in Richmond County.

11. Defendant Rossana Rosado is the New York State Secretary of State, and is being sued in her official capacity as the head of the New York State Department of State (NYSDOS). Counsel's office for NYSDOS is located at the One Commerce Plaza, 99 Washington Avenue, Albany, New York 12231-0001. Within NYSDOS there are divisions, including the New York State Division of Corporations (NYSDOC).

## THE NAMED PLAINTIFF'S EXPERIENCES

### The Named Plaintiff Discovers The Fraudulent Company

12. On November 5, 2019, Plaintiff noticed an unauthorized charge, dated October 21, 2019, on her Citi credit card ending in 7976.

13. After investigating the purchase, Plaintiff learned that the unauthorized charge was made on incfile.com and was made as payment for the formation of a limited liability company.

14. On November 6, 2019, Plaintiff learned that the name of the limited liability company described in paragraph 11 is 27 Linden Smith LLC ("the Fraudulent Company"); the Company's address on file is 27 Linden Place Apt. 2, Hempstead, New York (the "Hempstead Address").

15. The Company's New York State Department of State ID # is 5638074.

16. The New York Department of State, Division of Corporations is the Division of the New York Department of State that is responsible for registration of various types of business entities, including limited liability companies. N.Y. Limited Liability Company Law, Sec. 209.

17. The Division of Corporations database lists the Named Plaintiff as the only contact person, listing her both under the "DOS Process" section, and as the Fraudulent Company's Registered Agent, both at the Hempstead Address.

18. The Fraudulent Company's Articles of Organization list the Named Plaintiff as the "agent of the limited liability company upon whom process against it may be served", and further list the Named Plaintiff as the "registered agent", using the Hempstead Address in both instances.

19. The Fraudulent Company's Articles of Organization are signed by "Lovette Dobson, Organizer" and provide a Texas Address for "Lovette Dobson".

20. The Articles of Organization were filed by "Lovette Dobson".

21. Plaintiff did not form the Fraudulent Company or pay for the formation fees with her credit card, and she did not authorize anyone else to form the company or pay for formation fees with her credit card.

22. Internet research suggests that "Lovette Dobson" is the name or assumed name of a person associated with one or more companies, including but not limited to "Incfile.com LLC" and "QuickCorp" that handle registrations and incorporations for a fee.

23. Plaintiff has no connection to Fraudulent Company or the Hempstead Address or "Lovette Dobson", and has no idea who "Lovette Dobson" is or whether this person is real or fictional.

**The Named Plaintiff's Written Correspondence With NYDOS**

24. By email dated November 6, 2019, Plaintiff wrote to the New York Department of state and informed the NYDOS that her "identity was stolen and an llc made in my name". She provided the Company's name and DOS ID# and requested that the Company be "dissolved

so further damage is not done to my credit." She further stated that she believed that "this is an attempt for someone to open a large amount of credit in my name."

25. In the same email she requested that the company be "placed inactive as it is fraudulent and started with stolen credit and stolen identity."

26. By email dated November 14, 2019, the NYDOS provided the following response (excerpted in its entirety): "The Department of State has no statutory authority to administratively dissolve the limited liability company or to place the limited liability company as inactive."

27. A minute later, on the same day, the NYDOS emailed her again and stated, "Sorry. . . If you believe that the articles of organization were fraudulently filed, please contact your District Attorney's office."

28. On November 21, 2019, Plaintiff received a letter from John J. Whalen, the Director of the Division of Corporations, State Records and Uniform Commercial Code, a division of NYSDOS, which stated that the NYSDOS has no statutory authority to administratively inactivate or dissolve a limited liability company and suggested that Plaintiff discuss the matter with the office of the District Attorney.

**The Named Plaintiff's Calls With NYDOS**

29. On November 6, 2019, Plaintiff contacted the NYSDOC, a division of the NYSDOS, by telephone and explained that the Company was purchased with her stolen credit card information and asked how she could dissolve the Company.

30. During this telephone call, Plaintiff was told by an employee (Heather) of NYSDOC that there was nothing NYSDOC could do to dissolve the Company and that she should contact the New York State Attorney General's Office.

31. On November 7, 2019, Plaintiff again contacted NYSDOC by telephone and explained that the Company was purchased with her stolen credit card information and that she wished to dissolve the company.

32. During this call, Plaintiff was told by an employee (Sarah) of NYSDOC that there was nothing NYSDOC could do to dissolve the Company.

**The Named Plaintiff's Attempts To Address Theft Of Her Identity & Creation Of The Fraudulent Company With Law Enforcement, Bank of America, And The IRS**

33. Shortly thereafter, Plaintiff called the Manhattan District Attorney's Cybercrime Unit.

34. During the telephone call, Plaintiff spoke with an employee of the Manhattan District Attorney's Cybercrime Unit (David), who said that the unit did not handle such cases and that Plaintiff should file a police report.

35. Between November 5, 2019 and November 10, 2019, Plaintiff contacted Bank of America multiple times by phone and instructed Bank of America to close all of her accounts, both personal and business.

36. On November 10, 2019, Plaintiff called Bank of America and confirmed that all of her accounts were closed.

37. On November 11, 2019, Plaintiff received an alert on her mobile from Bank of America notifying her that a request for a new Bank of America Business Card was unsuccessful.

38. Plaintiff did not request the Bank of America Business Card, nor did she authorize anyone else to do so on her behalf.

6

39. On November 12, 2019, Plaintiff received an email from Bank of America with the subject, "Welcome to Online and Mobile Banking" despite the fact that Plaintiff had not opened a banking account nor had authorized anyone else to do so on her behalf.

40. On November 12, 2019, Plaintiff called the Internal Revenue Service (IRS) and scheduled an appointment for November 13, 2019.

41. As a result of Plaintiff's November 13, 2019 appointment with the IRS, the IRS found that Plaintiff did not have a relationship with the EIN related to the Company and accordingly removed all references to Plaintiff's name and social security number in association with this EIN.

42. On November 9, 2019, Plaintiff filed a police report for identity theft at her local New York City police precinct. The report was filed as complaint # 007939.

43. To date there has been no response or follow up communication from the New York City Police Department.

44. The NYDOS Division of Corporations Database continues to this day to list the Fraudulent Company as active and to list the Named Plaintiff for DOS Process and as the Fraudulent Company's Registered Agent, both at the Hempstead Address.

45. NYDOS Division of Corporations has no process to disassociate oneself from a fraudulently created corporation.

## CLASS ALLEGATIONS

46. Plaintiff brings this action on behalf of herself, and on behalf all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

47. Specifically, Plaintiff seeks to represent a class consisting of:

    a) all natural persons who;

      b) are listed in the NYDOS business records as affiliated with any company;

      c) and who have, within the past three years, notified the NYDOS that they are listed in these records due to identity theft or without having given any such authorization or consent (hereafter, "Notification");

      d) and who have nonetheless remained in the database.

48. Plaintiff also seeks to represent a subclass (the "Actual Damages Subclass" or "Subclass") consisting of members of the above-defined class who have – following Notification – paid taxes or fees of any kind to the State of New York in connection with the company in question.

*Numerosity*

49. The members of the Class and Subclass are so numerous as to render joinder impracticable.

50. Identity theft involving the takeover or false creation of LLC's and other business entities occurs frequently, and is a common tactic of identity thieves to form or improperly add themselves as owners of limited liability companies using the name and other identifying information of their victims. *See, e.g.* https://www.irs.gov/newsroom/information-on-identity-theft-for-business-partnerships-and-estate-and-trusts ("Information on Identity Theft for Business, Partnerships and Estate and Trusts"); https://www.irs.gov/newsroom/dont-take-the-bait-step-3-security-summit-safeguards-help-protect-individuals (noting a sharp increase in business identity theft); https://krebsonsecurity.com/2020/07/business-id-theft-soars-amid-covid-closures/ ("Business ID Theft Soars Amid COVID Closure"); https://www.companyalarm.com/blog/business-identity-theft-schemes; (Fraudulent State

Business Registrations and Filings: How thieves attempt to manipulate state business registration and filing systems for fraud).

*Typicality*

51. Plaintiff's claims are typical of the claims of the Class and Subclass because Plaintiff is a member of the Class and was subject to the same pattern of misbehavior as the other members of the Class and Subclass.

52. Specifically, she is a natural persons who is listed in the NYDOS business records as affiliated with any company, who has notified the NYDOS that she is listed in these records due to identity theft and without having given any such authorization or consent; and she has nonetheless remained in the database.

53. Thus, Plaintiff's claims—based on the same facts and legal theories as the claims of all other members of the Class and Subclass—are typical of the claims of the Class and Subclass.

*Adequacy*

54. Plaintiff will fairly and adequately represent the interests of the members of the Class and Subclass. Her interests do not conflict with the interests of the members of the Class and Subclass she seeks to represent.

55. Plaintiff has retained counsel experienced in prosecuting class actions, consumer protection and constitutional matters. There is no reason why this Plaintiff and her counsel will not vigorously pursue this matter.

*Superiority*

56. The class action is superior to other available means for the fair and efficient adjudication of the claims at issue.

57. The damages suffered by each individual member of the Class and Subclass may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by the New York State Secretary of State's conduct.

58. Further, it would be virtually impossible for each individual member of the Class and Subclass to redress the wrongs done to them.

59. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

60. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

61. In the alternative, the Class and Subclass may be certified because:

a) the prosecution of separate actions by the individual members of the Class and Subclass would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for the New York State Secretary of State;

b) the prosecution of separate actions by individual members of the Class and Subclass would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Class and Subclass not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c) New York State Secretary of State has acted or refused to act on grounds generally applicable to the Class and Subclass, thereby making appropriate final and injunctive relief with respect to the members of the Class and Subclass, as a whole.

## FIRST CAUSE OF ACTION

### FOURTEENTH AMENDMENT -- DEPRIVATION OF PROPERTY WITHOUT PROCEDURAL DUE PROCESS

62. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

63. Defendant's actions, as described above in refusing to provide Plaintiff with any legal process by which to dissolve the Company and refusing to provide Plaintiff with a meaningful opportunity to challenge the legality of the formation of the Company, deprive Plaintiff of constitutionally protected liberty interests.

64. Plaintiff has a property interest in the Company because of the liabilities the Company has already incurred and may continue to incur, including but not limited to credit card debt, taxes, fees, purchases, and other loans.

65. Plaintiff, having sought to dissolve the Company, is entitled to a constitutionally adequate legal process to challenge the legality of the formation of the Company, to contest the Company's continued operation, and to dissolve the Company.

66. By failing to provide Plaintiff with such a constitutionally adequate legal process, Defendant has deprived Plaintiff of her protected property interest and thus have violated Plaintiff's constitutional rights without affording them due process of law in violation of the Fourteenth Amendment of the United States Constitution.

67. Defendant's violations of Plaintiff's fourteenth amendment rights as described herein, will continue into the future if Plaintiff is not afforded the relief demanded below.

## SECOND CAUSE OF ACTION

## ARTICLE ONE, SECTION SIX OF THE NEW YORK STATE CONSTITUTION -- DEPRIVATION OF PROPERTY WITHOUT PROCEDURAL DUE PROCESS

68. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

69. Defendant's actions, as described above in refusing to provide Plaintiff with any legal process by which to dissolve the Company and refusing to provide Plaintiff with a meaningful opportunity to challenge the legality of the formation of the Company, deprive Plaintiff of constitutionally protected liberty interests.

70. Plaintiff has a property interest in the Company because of the liabilities the Company has already incurred and may continue to incur, including but not limited to credit card debt, taxes, fees, purchases, and other loans.

71. Plaintiff, having sought to dissolve the Company, is entitled to a constitutionally adequate legal process to challenge the legality of the formation of the Company, to contest the Company's continued operation, and to dissolve the Company.

72. By failing to provide Plaintiff with such a constitutionally adequate legal process, Defendant has deprived Plaintiff of her protected property interest and thus have violated Plaintiff's constitutional rights without affording them due process of law in violation of Article One Section Six of the New York State Constitution.

73. Defendant's violations of Plaintiff's due process rights pursuant to Article One, Section Six of the New York State Constitution, as set forth herein will continue into the future if Plaintiff is not afforded the relief demanded below.

## THIRD CAUSE OF ACTION

## FIRST AMENDMENT -- VIOLATION OF FREEDOM OF ASSOCIATION

74. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

75. Defendant's actions, as described above in refusing to provide Plaintiff with any process by which to dissolve the Company and refusing to provide Plaintiff with a meaningful opportunity to challenge the legality of the formation of the Company, deprive Plaintiff of constitutionally protected freedom of association interests.

76. Plaintiff has sought to be disassociated with the Company, as described above, by dissolving the Company.

77. The NYSDOS has refused to provide a legal mechanism by which Plaintiff may disassociate herself with the Company.

78. By refusing to provide a legal mechanism by which Plaintiff may disassociate herself with the Company, the NYSDOS has compelled Plaintiff to associate herself with the Company against her expressed desire and in violation of the First Amendment of the United States Constitution.

79. Defendant's violations of Plaintiff's first amendment rights as described herein will continue into the future if Plaintiff is not afforded the relief demanded below.

## FOURTH CLAIM FOR RELIEF

## ARTICLE ONE, SECTIONS EIGHT AND NINE OF THE NEW YORK STATE CONSTITUTION -- VIOLATION OF FREEDOM OF ASSOCIATION

80. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

81. Defendant's actions, as described above in refusing to provide Plaintiff with any process by which to dissolve the Company and refusing to provide Plaintiff with a meaningful opportunity to challenge the legality of the formation of the Company, deprive Plaintiff of constitutionally protected freedom of association interests.

82. Plaintiff has sought to be disassociated with the Company, as described above, by dissolving the Company.

83. The NYSDOS has refused to provide a legal mechanism by which Plaintiff may disassociate herself with the Company.

84. By refusing to provide a legal mechanism by which Plaintiff may disassociate herself with the Company, the NYSDOS has compelled Plaintiff to associate herself with the Company against her expressed desire and in violation of Article One, Sections Eight and Nine of the New York State Constitution.

85. Defendant's violations these New York State constitutional rights, described in herein, will continue into the future if Plaintiff is not afforded the relief demanded below.

**WHEREFORE**, Plaintiff and the Class and Subclass members respectfully request that this Court provide the following relief:

    A.    An order certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative, and appointing his attorneys as Class Counsel;

    B.    Actual Damages on behalf of the Subclass;

    C.    A declaratory judgment that Defendant's policies, practices, and customs violate the First and Fourteenth Amendments of the United States Constitution and Article One Sections Six, Eight, and Nine of the New York State Constitution.

D. An injunction requiring Defendant to provide Plaintiff and the Class and Subclass with a legal mechanism that affords a hearing and constitutionally adequate process by which to challenge the legality of the formation of fraudulent companies created as the result of identity, to contest the continued operation of such companies, to dissolve such companies and to disassociate themselves from such companies.

E. An award of attorneys' fees, costs, and expenses of all litigation, under 28 U.S.C. § 2412; and

F. Such other and further relief as the Court may deem just and proper.

{ CONTINUED ON NEXT PAGE }

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues triable.

Dated: October 12, 2020

                              SCHLANGER LAW GROUP, LLP

                              */s/Daniel A. Schlanger*
                              Daniel A. Schlanger
                              Evan S. Rothfarb
                              80 Broad Street
                              Suite 1301
                              New York, NY 10004
                              T. (212) 500-6114
                              F. (646) 612-7996
                              dschlanger@consumerprotection.net

                              BELDOCK LEVINE & HOFFMAN, LLP

                              */s/David B. Rankin*
                              David B. Rankin
                              99 Park Avenue
                              PH/26th Floor
                              New York, NY 10016
                              T. (212) 490-0400
                              F. (212) 277-5880
                              drankin@blhny.com

                              *Attorneys for the Named Plaintiff and the Putative Class*